LtpsooMB, J.
In this case it appears from the record that judgment was rendered on the 1st day of May, 1843. The transcript bears date 3d June, 1844. The appeal bond was filed the 27th day of May, 1844.
There is a certificate of the clerk that a previous bond was filed in time after the judgment, but that it had been lost. It does not appear when it was filed. The record was filed in this court on *(456) the 18th day of June, 1844; it appears also that notice of an appeal was given on the day the judgment was rendered. This is all that is shown by the record as to dates when particular things were done. By law the supreme court commenced its first session after the date of the judgment and notice of the appeal, on the second Monday in June, 1843. It will be seen, that the record was not made out nor filed for more than a year after the appeal had been claimed. The 19th section of the act of limitations (5 Laws of Texas, 168) provides that any party believing himself aggrieved may have an appeal to the supreme court within six months, next after the adjournment of the court in which the rendition of such judgment was made, which appeal shall be granted in open'court at the term of the judgment or decree without petition or citation; or at any time after-wards, within the year, by application to the clerk and citation to the adverse party or his attorney, to be served at least ten days before the first day of the return term of the appeal. The appeal shall be of right, but shall not supersede final process unless bond is given, etc. There is a good deal of ambiguity in the section just cited, but it is believed to be susceptible of a construction that would make its different jnovisions harmonize. It seems to have been intended to provide two modes of taking cases by appeal to the supreme court: The first, where the appeal ha.d been granted in open court at the term when the judgment was rendered; and this was without citation, but this must be done within six months from the adjournment of the term of the court at which such judgment was rendered. The second must have been intended to be where no appeal had been taken in open court; this could be done any time within the year from the adjournment of the court in which the judgment was rendered. The appellant, if he resorts to this mode, must cause citation to be issued and served. It is clear the appeal was not prosecuted in the case before us within the six months. It will then be inquired, whether the appellant has brought himself within the provisions of the other mode authorized by law. If he had caused a citation to be issued, it would have left it only to be ascertained whether or not he made his application to the clerk within the year from the adjournment of the court. There is nothing before us by which we can determine when the district court of Harris county, which rendered the judgment in the case on the 1st day of May, 1843, adjourned. The appeal bond was filed on the 27th day of May, 1844. If the term continued through the month of May, until the 27th day, the appeal would be within the year; and if the citation had been sued out, in the absence of proof, we could not have said that it was more than *(457) one year from the rendition of tbe judgment. If a citation had been ashed, the record should show it. "W"e have no doubt of the correctness of the rule, that when an appeal, has been taken it must be returned to the succeeding term thereafter of the supreme court. That question, however, is not presented in this case. The appeal not having heen taken in conformity with the law, the case is dismissed.